IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

MOWRIYAH ABIYAH YASHARA'L, )
)
)
Plaintiff, )
)
v. ) CIVIL ACTION NO. 5:19-cv-471 (MTT)
)
CAPITAL ONE AUTO FINANCE LOAN, )
)
)
Defendant. )
_____ )

## ORDER

Plaintiff Mowriyah Abiyah Yashara'l failed to pay the filing fee or file an application to proceed in forma pauperis ("IFP"). The Court ordered her to show cause why her case should not be dismissed for failure to pay the filing fee. Doc. 4. Yashara'l then moved to proceed IFP. Doc. 5.

Motions to proceed IFP are governed by 28 U.S.C. § 1915(a), which provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[1] that the person is unable to pay such fees or give security therefor.

When considering a motion to proceed IFP filed under § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305,

---

[1] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP." *Martinez v. Kristi Kleaners*, 364 F.3d 1305, 1306 n.2 (11th Cir. 2004).

1307 (11th Cir. 2004). To show poverty, a plaintiff need not show that he is "absolutely destitute." *Id.* Instead, the affidavit must demonstrate that the plaintiff, "because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* However, this statute "should not be a broad highway into the federal courts." *Attwood v. Singletary*, 105 F.3d 610, 613 (11th Cir. 1997); *Mack v. Petty*, 2014 WL 3845777, at *1 (N.D. Ga. 2014). Section 1915(a) "conveys only a privilege to proceed without payment to only those litigants unable to pay costs without undue hardship." *Mack*, 2014 WL 3845777, at *1 (citation omitted).

Yashara'l claims she has no income, no bank account, and no home. Doc. 5 at 2. Her husband makes $225.00 per week, but they have expenses of $180.00 per week for their hotel room, in addition to expenses for food. *Id.* The Court finds that the affidavit adequately demonstrates poverty, and the motion to proceed IFP (Doc. 5) is **GRANTED**.

Because Yashara'l is proceeding pro se, the Court must review her complaint and dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must construe the pro se complaint liberally and in the light most favorable to the Plaintiff. *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quotation marks and citation omitted).

Yashara'l purports to bring suit on behalf of Andrew Phinazee against Defendant Capital One Auto Finance Loan. Yashara'l alleges that Capital One is attempting to collect payments on an auto loan. Doc. 1 at 1. According to Yashara'l, she has meritorious defense of fraud in the inducement, so the promissory note is invalid. *Id.*

(citing Uniform Commercial Code § 3-305(a)(1)(iii)). She also appears to argue the debt is "prepaid." *Id.* She alleges Capital One's demands for payment violate House Joint Resolution 192, which she alleges was interpreted by President Roosevelt to forbid attempts to collect on invalid loans. *Id.* at 1-2. She alleges Capital One is legally barred from carrying out its threats to repossess her husband's car because "Capital One is an inanimate thing incapable of having and keeping property." *Id.* at 7. She purports to bring suit on behalf of herself and her husband for common-law negligence for six million dollars. *Id.* at 5.

The UCC itself does not have any legal effect, and to the extent Yashara'l argues the contract is invalid based on Georgia law, she does not allege any facts supporting her conclusory allegation that the note was fraudulent. Also, despite Yashara'l's claim that a joint resolution provides that "all debt is prepaid and it is illegal to demand lawful money for a debt," the Court cannot find any actual, effective law that provides that.

Given that, Yashara'l has no nonfrivolous basis for her argument that Capital One had a duty to discharge her husband's debt. Nor has she provided details of Capital One's attempts to collect and how they have harmed her husband. Without more, Yashara'l lacks any basis for her argument that Capital One's enforcing its contract is a tort against her husband.

Further, although she purports to bring suit on behalf of herself and her husband, her husband is not a named plaintiff. As a pro se litigant, Yashara'l may only represent herself and may not offer legal arguments on behalf of her spouse. *See Rice v. Lightmas*, 259 Ga. App. 380, 380, 577 S.E.2d 2, 3 (2003) (noting that a pro se litigant cannot file pleadings on behalf of his spouse).

Yashara'l is **ORDERED** to recast her complaint within twenty-one (21) days to remedy the deficiencies described above. Further, the recast complaint must remove any references to Yashara'l purporting to represent her husband in this lawsuit. If Yashara'l does not recast her complaint or if the recast complaint fails to state a claim, the complaint will be dismissed for frivolity.

**SO ORDERED**, this 25th day of March, 2020.

S/ Marc T. Treadwell  
MARC T. TREADWELL, JUDGE  
UNITED STATES DISTRICT COURT
